UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMILY M. SABBAGH,

                    Plaintiff,

          v.

OHANA GROUP, LLC, *et al.*,

                    Defendants.

Case No.  C06-929RSL

ORDER GRANTING MOTION TO
AMEND AND TO REMAND

## I.  INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff Emily Sabbagh to amend her complaint and to remand this case to state court.  (Dkt. #4).  For the reasons set forth below, the Court grants the motion.

## II.  DISCUSSION

This case involves a somewhat complicated series of related lawsuits that will be summarized briefly.  Plaintiff filed this case in King County Superior Court in August, 2005 (the "Sabbagh Suit").  Plaintiff asserted claims against Ohana Group, LLC and Fremont Red Apple Market, LLC for declaratory relief declaring her ownership interest in the defendants and appointing custodial receivers for them.  Plaintiff filed an amended

ORDER GRANTING MOTION
TO AMEND AND TO REMAND - 1

1   complaint on May 15, 2006 alleging a massive conspiracy designed to fraudulently

2   deprive her of millions of dollars in assets.  She added additional parties and claims,

3   including claims under § 10(b) and § 10b-5 of the Securities Exchange Act of 1934 and

4   under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §

5   1962(b), (c), and (d).  On June 29, 2006, the King County Superior Court Presiding Judge

6   granted plaintiff's motion to consolidate the Sabbagh Suit with *Bank of America v.*

7   *Sabbagh, et al.*  The consolidated action was pending before the Honorable Linda Lau.  A

8   third party, Opuna LLC has sued plaintiff in a Hawaii state court alleging that plaintiff

9   assigned her interest in Ohana to Opuna (the "Hawaii lawsuit").

10          Defendant Larry White, who is proceeding *pro se*, removed the consolidated case

11   to this Court on June 30, 2006 based on federal question jurisdiction.  Plaintiff now seeks

12   to amend her complaint to delete her federal claims and to remand this case to state court.

13   Notably, Mr. White has not responded to the motion, although some of the other

14   defendants responded.

15          Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P.

16   15(a).  The Court should consider four factors in deciding whether to grant leave to

17   amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of

18   amendment."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  Defendants do not

19   argue that any of the factors justify denying the motion to amend.  Furthermore, there is

20   no evidence of bad faith, undue delay, prejudice, or futility.  Accordingly, the Court

21   grants the motion to amend.

22          Plaintiff's proposed amended complaint does not contain any federal law issues,

23   and defendants concede that there is no other basis for federal jurisdiction.  Also, this

24   Court has the discretion to remand the case to state court even though it was properly

25

26   ORDER GRANTING MOTION
     TO AMEND AND TO REMAND - 2

1   removed.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988).  Defendants

2   nevertheless argue that this Court should exercise its discretion and retain jurisdiction

3   over the pendent state law claims.

4         The Court considers whether a remand or retention of the case would better serve

5   the principles of economy, convenience, fairness, and comity.  Carnegie-Mellon Univ.,

6   484 U.S. at 357; id. at 350 n.7 (noting that "in the usual case" the balance of factors will

7   weigh towards remanding pendent state law claims); see also Harrell v. 20th Century Ins.

8   Co., 934 F.2d 203, 205 (9th Cir. 1991) (recognizing "that it is generally preferable for a

9   district court to remand remaining pendent claims to state court").  Defendants argue that

10  remanding the case would be unfair because most of the defendants are non-residents of

11  Washington who should not be deprived of a federal forum.  Defendants, however, do not

12  argue that the in-state defendants were fraudulently joined or any other justification for

13  finding diversity jurisdiction.  Moreover, some of the defendants have their principal

14  places of business in Seattle, so litigating the case in King County Superior Court would

15  be fair.

16        The Court also considers the fact that plaintiff's decision to delete her federal

17  claims is clearly aimed at returning to state court.  That evidence of forum shopping

18  weighs against remand.

19        Defendants argue that convenience and economy will be promoted by remand

20  because two of the defendants are out of state attorneys appearing *pro se*, and this Court's

21  electronic filing procedures will save them attorney's fees.  Electronic filing is available

22  in King County Superior Court.  Regardless, defendants will not need to retain counsel to

23  practice before that court, and they can file and serve documents by mail.  Defendants

24  also argue that if this Court retains this case, it can be consolidated with the Hawaii

25

26  ORDER GRANTING MOTION
    TO AMEND AND TO REMAND - 3

1  lawsuit.  However, considering the likelihood or propriety of consolidation would be

2  premature and speculative based on the current record.  Defendants further contend that

3  this Court is better able to handle the complex legal and factual issues in this case, but the

4  King County Superior Court is used to and well equipped to handle complexities.

5  Defendants note that plaintiff's state law RICO and securities fraud claims are similar to

6  federal claims.  State courts, however, are familiar with those state law claims, as well as

7  plaintiff's other state law claims for a receivership and for conversion.[1]

8      Moreover, the principles of economy and comity would be served by a remand as

9  the state court is much more familiar with the issues, after presiding over this case for

10  nearly a year and ruling on numerous motions in this complicated case.  Judge Lau, who

11  is a highly respected jurist, is also presiding over a similar case that involves Ohana as

12  well as related claims and issues.  See Supplemental Declaration of Mark Rosencrantz

13  (Dkt. #25), Ex. A5.  In contrast, this case was very recently removed, so this Court has

14  not yet committed substantial resources to it.

15      In sum, fairness weighs against remand, convenience is neutral, and economy and

16  comity weigh heavily in favor of remand.  After weighing these factors, the Court

17  concludes that retaining jurisdiction over the pendent claims would be inappropriate.

18                          **III.  CONCLUSION**

19      For all of the foregoing reasons, the Court GRANTS plaintiff's motion to amend

20  her complaint and to remand.  (Dkt. #4).  This case is REMANDED to King County

21  Superior Court.  The Clerk of the Court is directed to transmit a copy of the file to King

22

23      [1] Defendants argue that the issues will be governed by Hawaii law rather than
24  Washington law.  Even if that assertion is true, this Court has no greater familiarity with
    Hawaii law than Washington state courts do.
25

26  ORDER GRANTING MOTION
    TO AMEND AND TO REMAND - 4

1  County Superior Court.

2

3        DATED this 7th day of August, 2006.

4

5

6                              _Mark S Lasnik_
                               Robert S. Lasnik
7                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER GRANTING MOTION
    TO AMEND AND TO REMAND - 5